# GRAE & GRAE LLC

The Law Firm                                                                                    www.graelaw.com

**Previn A. Waran**
**Partner**
The Equitable Building
120 Broadway
28th Floor
New York, NY 10271
Tele: (212) 221-8763
pwaran@graelaw.com

February 1, 2023

**VIA ECF**
The Honorable J. Paul Oetken, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
Courtroom 706
New York, New York 10007
OetkenNYSDChambers@nysd.uscourts.gov

Re:     **Kabir v. The Masalawala LLC et al.** – Civil Action No. 1:21-cv-10289-JPO

Dear Judge Oetken:

Our offices are counsel to defendants, The Masalawala LLC ("Masalawala") and Debabrata Roni Mazumdar ("Mr. Mazumdar", and, together with Masalawala, the "Defendants"), in connection with the above-referenced action presently pending before Your Honor. We write, in accordance with Rule 1.A. of Your Honor's Individual Rules and Practices in Civil Cases, in order to request the convening of a conference, as soon hereafter as practicable for the Court, for purposes of discussing the myriad of questions engendered by opposing counsel, Louis M. Leon, Esq.'s ("Attorney Leon"), stunning revelation, in his January 31, 2022, letter motion, and for the very first time, that his client and the plaintiff herein, Mohammed H. Kabir ("Plaintiff"), has, apparently, gone missing, or is otherwise unwilling to and/or uninterested in responding to Attorney Leon's communications or prosecuting this action.

Before addressing the significant implications of the aforesaid revelation vis-à-vis the action, it bears noting that, despite Attorney Leon's candid admission that he has been unable to locate, much less make contact with, Plaintiff, he nonetheless saw fit to move this Court for a further extension of the January 31, 2023, deadline by which it had directed that all fact discovery in this matter was to have been concluded. Indeed, it appears that the letter motion was filed in the wholesale absence of any knowledge on the part of Attorney Leon as to whether, even were the Court to grant the requested extension, Plaintiff would actually appear during the ensuing 60-day adjournment period and meaningfully engage with this matter, and, instead, simply to buy

more time for his client to re-emerge or otherwise confirm his interest in actually litigating this action.  Of greater concern, however, is the untimeliness of Attorney Leon's disclosure, to say nothing of the fact that, unless and until Plaintiff were to re-surface, or otherwise confirm his desire to actually go forward with his claims, both Defendants and the Court, alike, are at grave risk of wasting precious time and resources in connection with a litigation that Plaintiff may well have abandoned.

Among the significant questions that must be addressed, and immediately, before any more time and resources are expended in connection with this action, are the following:

- For how long has Attorney Leon been unable to locate other otherwise make contact with Plaintiff?

- When was the last occasion on which Attorney Leon had contact with Plaintiff?

- What efforts has Attorney Leon actually undertaken in order to locate or otherwise make contact with Plaintiff?

- Why was Plaintiff's disappearance and/or non-responsiveness to Attorney Leon's communications not disclosed sooner?

- Had Plaintiff already gone *incommunicado* as of the November 14, 2022, date upon which Attorney Leon had solicited, and obtained, the undersigned's consent to an extension of the deadline by which discovery was to have been concluded in this matter?

- Even were the Court to grant Attorney Leon's letter motion, dated January 31, 2023, for a further extension of discovery, and which, in light of foregoing, it absolutely should not, how are the parties to proceed in light of Plaintiff's apparent disinterest in this litigation and unwillingness to communicate with his counsel?

- Should this action be dismissed, whether *sua sponte* or pursuant to motion duly filed by Defendants, on the grounds of Plaintiff's failure to diligently prosecute his claims?

Given the ease of interpersonal communication in this day and age, coupled with the diversity of means by which such communications can be had (*e.g.*, text message, telephone, e-mail, etc.), Attorney Leon's suggestion that he has been "unable" to make contact with Plaintiff strains credulity, and, all the more so, given his tandem admission that he has also been unable to "locate" Plaintiff.  Under such circumstances, the undersigned would respectfully submit that the far more likely explanation for Plaintiff's disappearance is that he has simply lost interest in pursuing, or has affirmatively decided to abandon, this action. Whether Plaintiff has decided to cease communicating with his counsel, or simply lost interest in this matter, is, of course, a distinction without a difference, as both scenarios convey an identical message: that Plaintiff no longer intends to pursue his claims.

Finally, the undersigned duly conferred by telephone, and at length, with his counterpart in advance of the filing of the instant letter motion, who refused to consent to the relief requested herein based on his belief that the convening of a conference before Your Honor for purposes of addressing the matters herein raised is unwarranted and would be wasteful.  The undersigned respectfully advised Attorney Leon that the only "waste" of which he can conceive, is that which would ensue were Defendants forced to litigate an action that appears to have been abandoned for, at the very minimum, the three (3) months immediately preceding the filing of this letter motion, during which Plaintiff failed, outright, to respond to Defendants' multiple discovery requests, and which failure Attorney Leon, himself, had attributed, in his letter motion, to his inability to contact or locate Plaintiff.

For the reasons set forth above, Defendants respectfully request that the Court schedule a conference at which all parties, by and through their counsel, shall appear for purposes of addressing the deeply troubling matters outlined herein, as well as the course of action that they shall hereafter take in light of same.

We thank the Court in advance for its time and attention to these matters.

Respectfully submitted,

Previn A. Waran, Esq.
(PW 2501)