# GRAE & GRAE LLC

The Law Firm                                                                                           www.graelaw.com

Previn A. Waran<br>
Partner<br>
The Equitable Building<br>
120 Broadway<br>
28th Floor<br>
New York, NY 10271<br>
Tele: (212) 221-8763<br>
pwaran@graelaw.com

February 6, 2023

**VIA ECF**
The Honorable J. Paul Oetken, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
Courtroom 706
New York, New York 10007
OetkenNYSDChambers@nysd.uscourts.gov

Re:     <u>Kabir v. The Masalawala LLC et al.</u> – Civil Action No. 1:21-cv-10289-JPO

Dear Judge Oetken:

      Our offices are counsel to defendants, The Masalawala LLC ("Masalawala") and Debabrata Roni Mazumdar ("Mr. Mazumdar", and, together with Masalawala, the "Defendants"), in connection with the above-referenced action presently pending before Your Honor.  While we are loathe to burden Your Honor with further correspondence relative to Defendants' request, already granted, for the convening of a conference, *see* ECF Doc. Nos. 21, 22, the *ad hominem* attacks and invective spewed by Plaintiff's counsel, Louis M. Leon, Esq. ("Attorney Leon"), in his letter opposition to our otherwise uncontroversial request for such relief warrant a formal response.

      At 10:12 a.m., on even date hereof, Attorney Leon wrote the undersigned, announcing—somewhat stunningly, given his inability to locate him just three (3) business days prior—that Plaintiff had purportedly resurfaced, and requesting that, in light of same, we agree to cancel tomorrow's conference.  Conspicuously missing from his correspondence, however, was any explanation as to where Plaintiff had been, much less any proof that Attorney Leon had, in fact, located him, and for which reason his request was, in essence, one for which he expected Defendants to simply take him at his word.[1]  This, however, was something that, regrettably, the

---

[1] A true and correct copy of Attorney Leon's and the undersigned's relevant e-mail exchange is annexed hereto as **Exhibit A**, to which the Court is respectfully referred at page 1 thereof.

undersigned was no longer willing to do, inasmuch as Attorney Leon's January 31, 2023, correspondence to the Court had revealed to the undersigned, for the very first time, that, in soliciting and obtaining his consent, on November 14, 2022, to an extension of the deadline by which fact discovery was to have been completed, Attorney Leon had failed to disclose to him the fact that, as of that time, Plaintiff had already disappeared. *See* ECF Doc. No. 18. Needless to say, that Plaintiff had disappeared or otherwise been unresponsive to Attorney Leon's communications were facts salient in nature and of which the undersigned ought to have been made aware by Plaintiff's counsel in requesting his consent to an extension of the deadline for the completion of fact discovery. Having already once met with success, it appears that Attorney Leon has attempted the same sleight of hand in attempting to procure a further 60-day extension of the close of discovery, once again soliciting the undersigned's consent to such relief at a time when his client's whereabouts remained wholly unknown to him. To be sure, had the undersigned not refused his consent to such request, the matter of Plaintiff's disappearance and persistent non-responsiveness to his attorney's communications could well have remained concealed from Defendants and the Court alike.

When the undersigned declined to agree to the cancellation of tomorrow's conference, and upon Attorney Leon's demand that he articulate the basis for such withholding of consent, the undersigned advised Mr. Leon that he felt it important that the parties "have a meaningful dialogue with the Court with respect to, among other things, [Plaintiff]'s having gone missing, or otherwise unresponsive, for . . . the intervening three months from the November 1, 2022, date upon which Defendants served upon him their discovery requests." *See id*. at 2-3. Moreover, the undersigned explained that, insofar as "we are now over one year from the inception of this action, [but] with no discovery whatsoever having taken place, [h]e also want[s] to discuss with the Court the setting of a schedule for the completion of the necessary discovery in this action." *Id*. at 3. The undersigned concluded his correspondence by advising that, inasmuch as the Court has ordered the parties to submit a status report by or before February 14, 2023, *see* ECF Doc. No. 17, the "convening of this conference dovetails nicely therewith, and might even obviate the need to file such submission." *Id*.

While Attorney Leon, in responding to these otherwise sensible propositions, has chosen to accuse the undersigned of a bad faith wasting of the Court's and parties' time and resources, *see* ECF Doc. No. 23 at 1, our submissions have made plain that it is precisely the desire to avoid the needless expenditure of time and resources that has served as the impetus for our request for a conference. As for his allegation as to Defendants' and/or our offices' purported "non-responsiveness" throughout the pendency of this action, *see id*., nothing could be further from the truth. As an initial matter, other than the frantic requests for consent to successive extensions of relevant discovery deadlines that our offices have received on the self-same dates of their expiration, we have received no other communications whatsoever from Attorney Leon. Moreover, and as noted in our prior correspondence to the Court, this matter is, and shall remain, Plaintiff's to prosecute, and Defendants are under no obligation to remind Plaintiff, or his attorneys, of their obligations to appear and diligently prosecute his claims.

For the foregoing reasons, Defendants respectfully request that the Court deny Attorney Leon's request to cancel tomorrow's conference, and, on the contrary, and in light of his otherwise bald claim to have located Plaintiff, insist not only that he and the undersigned appear as scheduled,

but also that Attorney Leon be prepared to adduce competent evidence capable of substantiating not just Plaintiff's having resurfaced, but also his interest, otherwise belied by his conduct over, at the very minimum, the past three (3) months, in pursuing his claims.

    We thank the Court in advance for its time and attention to these matters.

                          Respectfully submitted,

                          Previn A. Waran, Esq.
                          (PW 2501)